IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE EMILIO VALLECILLA CUERO,

                                     Petitioner,

     v.

E. EMMERICH and BRIAN SKELLY,

                                    Respondents.

OPINION and ORDER

24-cv-934-jdp

---

Petitioner Jose Emilio Vallecilla Cuero, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, requesting an order directing the Bureau of Prisons to apply First Step Act time credits entitling him to early release in January 2027.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will deny Vallecilla Cuero's petition because the court cannot consider his challenge to the final order of removal that prevents him from receiving First Step Act time credits.

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

ANALYSIS

Vallecilla Cuero was paroled into the United States for federal prosecution in 2021 and is serving a term of incarceration for a federal crime. He is subject to a December 2024 expedited order of removal issued under 8 U.S.C. § 1225(b)(1). Dkt. 1-1. That order states that Vallecilla Cuero is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he's a native and citizen of Colombia, he was paroled into the United States for criminal prosecution, and he lacks valid entry documentation. *Id.*

Prisoners who are under a final order of removal are excluded from eligibility for First Step Act time credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws"). Vallecilla Cuero's expedited order of removal is a final order. *Radulescu v. Emmerich*, No. 24-cv-849-wmc, 2025 WL 1638420, at *1 (W.D. Wis. June 9, 2025) (citing 8 C.F.R. § 235.3(7)). But Vallecilla Cuero contends that the order of removal is void because he isn't an "alien" as that term is defined in § 1225(b)(1), so he should receive the time credits.

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Vallecilla Cuero contends that this district court may entertain his petition under § 1252(e). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2):

> (2) Habeas corpus proceedings
>
> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> (A) whether the petitioner is an alien,

2

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

Vallecilla Cuero contends that the issue he's raising fits within § 1252(e)(2)(A): he argues that he's not an "alien" as defined in § 1225(b)(1)(A)(iii)(II), which provides:

(II) Aliens described

An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

Vallecilla Cuero argues that that he's not an "alien" because he was continuously present in the United States for two years before his order of removal. So he believes that under § 1252(e) he's entitled to bring his claim to this court in a habeas petition.

I will assume that § 1252(e)(2) carves out an exception to the exclusive jurisdiction of the court of appeals under § 1252(a)(5). But the flaw in Vallecilla Cuero's argument is that § 1225(b)(1)(A)(iii)(II) doesn't define "alien" as that term is used more generally in the Immigration and Nationality Act. Rather, § 1225(b)(1)(A)(iii)(II) merely identifies a category of aliens who are subject to expedited removal under § 1225. Both the court of appeals (albeit in an unpublished decision) and this court have previously concluded that the general definition of alien under 8 U.S.C. § 1101(a)(3)—"any person not a citizen or national of the

3

United States"—applies to the jurisdictional exceptions set forth in § 1252(e). *Montes Cabrera v. United States Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025); *Sanchez v. United States Dep't of Homeland Sec.*, No. 25-cv-146-jdp (W.D. Wis. June 4, 2025). The expedited order of removal states that Vallecilla Cuero is a native and citizen of Colombia, and he does not dispute that fact in the petition. Thus, Vallecilla Cuero is an "alien" under the general definition. Vallecilla Cuero's argument that the expedited removal order is void because he has been in the United States continuously for two years before the order of removal is not one that this court has jurisdiction to hear.

ORDER

IT IS ORDERED that:

1. Petitioner Jose Emilio Vallecilla Cuero's petition, Dkt. 1, is DISMISSED for lack of jurisdiction.

2. The clerk of court is directed to enter judgment and close the case.

Entered June 16, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4